IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SENTRY SELECT INSURANCE CO.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-14-CV-00284-KC |
| **JESSICA LOPEZ, et al.,** | § § § | |
| Defendants. | § § | |

**ORDER**

On this day, the Court considered Defendant Rosa Franceware's Motion and Memorandum in Support of Motion to Dismiss for Plaintiff's Failure to State a Claim ("Motion to Dismiss"), ECF No. 9, and Plaintiff's Response to Defendant's Motion to Dismiss for Failure to State a Claim and Brief in Support ("Response"), ECF No. 11, in the above-captioned case (the "Case"). For the reasons set forth below, the Motion to Dismiss is **DENIED**.

**I.    BACKGROUND**

The Case stems from the wreck of a 2007 International Truck on or about August 17, 2010, which resulted in the deaths of Lorenzo Munoz and Roger Franceware (the "Decedents"). *See* Pet. for Declaratory J. (the "Petition"), ECF No. 1 at 3. As a result of the accident, a number of claimants filed Cause No. 2010-4169 in the 168th Judicial District Court of El Paso County, Texas (the "Underlying Case") seeking damages arising out of the death of Lorenzo Munoz (the "Munoz Claimants"). *Id.* at 2-3. A number of separate claimants subsequently filed suit in the Underlying Case seeking damages for the death of Roger Franceware (the "Franceware Claimants"). *Id.* at 3-4.

1

On April 10, 2014, the Underlying Case resulted in a jury verdict (the "Underlying Judgment") finding Moore Freight Services, Inc., XMEX Transport, LLC, Charles "Chip" Strader, Transfront, Inc., and Andres Sotelo (collectively the "Tortfeasors") liable to both the Franceware and Munoz Claimants for the Decedents' deaths. *See* First Am. Compl. For Summ. J. ("Amended Complaint") Ex. A, Verdict, ECF No. 12-1 at 7-9. In relation to the Franceware Claimants, the estate of Lorenzo Munoz was found as an additional tortfeasor. Pet. 3-4.

Both the Munoz and Franceware Claimants (collectively the "Defendants") subsequently made a demand on Sentry Select Insurance, Co. ("Plaintiff") to pay the Underlying Judgment. *Id.* at 4. Plaintiff is an insurance provider that issued commercial auto policy No. CT751542-1107-101 (the "Policy") to Goal Transports Inc. d/b/a Trans-National Express. *Id.* at 4.

A copy of the Policy has not been provided to the Court. However, pages six and seven of the Amended Complaint contain the alleged terms of the "Who Is An Insured" section of the Policy. Am. Compl. 6-7. Additionally, pages nine and ten of the Amended Complaint contain the alleged terms of the "Duties In The Event Of Accident, Claim, Suit Or Loss" provision of the Policy. *Id.* at 9-10.

On July 25, 2014, Plaintiff filed its Petition. Plaintiff seeks a declaratory judgment that Plaintiff owes Defendants no duty to pay the Underlying Judgment because none of the Tortfeasors are covered insureds under the Policy. *Id.* at 4-8. Furthermore, Plaintiff seeks declaratory relief that it owes no defense costs to the Franceware Claimants because the Franceware Claimants do not qualify as insureds under the Policy and, even if they did, the

Franceware Claimants failed to timely request such a defense under the terms of the Policy and Texas law. *Id.* at 9-10.

On September 12, 2014, defendant Rosa Franceware ("Franceware") filed her Motion to Dismiss, whereby Franceware seeks dismissal of the Petition under Federal Rule of Civil Procedure 12(b)(6). Franceware is, individually and as next friend of E.L.F., one of the Franceware Claimants seeking payment of the Underlying Judgment. Am. Compl. 2-3.

On September 26, 2014, Plaintiff filed its Response.

On September 29, 2014, Plaintiff filed its Amended Complaint, ECF No. 12. Plaintiff filed its Amended Complaint in order to attach exhibits Plaintiff inadvertently failed to include with the original Petition. Mot. for Leave to File Am. Compl., ECF No. 10 at 1. The Policy was not among the documents attached with the Amended Complaint. The Amended Complaint's only material change from the Petition is language recognizing the appearance of Franceware in the Case as well as the attachment of the jury verdict and judgment from the Underlying Case. *Id.* The Petition and the Amended Complaint are otherwise substantively identical.[1]

## II.   DISCUSSION

### A.   Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a

---

[1] Franceware has not filed a separate motion to dismiss the Amended Complaint. Nonetheless, because Franceware's original grounds for dismissal are equally pertinent to the Amended Complaint, the Court considers the Motion to Dismiss in relation to the Amended Complaint. *See Morales v. Wells Fargo Bank, N.A.*, Civil Action No. SA-13-CV-410-XR, 2013 WL 6057853, at *2 (W.D. Tex. Nov. 14, 2013) ("If some defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." (citing 6 Arthur R. Miller et al., *Federal Practice and Procedure* § 1476 (3d ed. 2010))).

light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555; *Colony Ins. Co.*, 647 F.3d at 252.  Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (internal citation omitted).  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

  **B.**  **Analysis**

Franceware's grounds for dismissal can be summarized in two arguments.  First, Franceware argues that Plaintiff fails to give fair notice of its claim by neglecting to attach a copy of the Policy.  Second, Franceware argues that Plaintiff failed to state a claim upon which relief can be granted because a number of allegations should be disregarded as conclusory and

because, even if true, the facts as alleged by Plaintiff establish Plaintiff's liability under the Policy. The Court addresses each argument in turn.

### 1. Plaintiff's failure to attach a copy of the Policy to the Amended Complaint

Franceware first argues that "Plaintiff's complaint does not provide [Franceware] with fair notice of Plaintff's claim" because Plaintiff only "referenced a portion of an insurance policy," but "neglect[ed] to attach the policy in question." Mot. to Dismiss 3. Plaintiff responds that Franceware "fails to cite any authority which requires an entire insurance policy to be attached to a Petition, and no such authority in fact exists." Resp. 3.

The Court agrees with Plaintiff. Franceware's contention that Plaintiff should have attached a copy of the alleged insurance policy is meritless. To the contrary, federal courts have held that a party need not attach the documents cited in a complaint in order to survive a motion to dismiss. *See Howington v. John Alden Life Ins. Co.*, Civil Action No. 14-0464, 2014 WL 1764921, at *2 (W.D. La. Apr. 30, 2014) (motion to dismiss for failure to attach insurance policy was "meritless"); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 975 F. Supp. 584, 596 (D.N.J. 1996) (explaining that "failure to attach specific documents to which the complaint refers" is not fatal under 12(b)(6)). Nor does Texas law require a plaintiff to attach a copy of an insurance policy to the complaint. *See Branch v. Monumental Life Ins. Co.*, 422 S.W.3d 919, 922-23 (Tex. App. 2014) (noting that plaintiff "permitted-but not required-to attach a copy of the policy, quote it, or summarize it").

Furthermore, Plaintiff's failure to attach a copy of the Policy neither requires, nor permits, the Court to "speculate as to [the Policy's] accuracies," as Franceware contends. Mot. to Dismiss 3. In determining a Rule 12(b)(6) motion, the Court must accept a complaint's well-pleaded facts as true. *Calhoun*, 312 F.3d at 733. Because the Court finds that Plaintiff's

verbatim quotations to the Policy's terms are well-pleaded factual assertions in its Amended Complaint regarding the scope of coverage under the Policy, the Court must accept those allegations as true for the purposes of the present motion to dismiss. *Id.* Accordingly, the Court rejects Franceware's first ground for dismissal.

### 2. Whether the Amended Complaint sufficiently pleads a claim upon which relief can be granted

Franceware's argument that the Amended Complaint fails to sufficiently plead a claim upon which relief can be granted is based on two separate assertions: (1) that Plaintiff's factual allegations do not show a right to relief that is plausible because the allegations on pages six and seven of the Amended Complaint regarding the terms of the "Who Is An Insured" provision of the Policy, if accurate, make Plaintiff liable to pay under the Policy, and (2) that the allegations in paragraph 13 describing the use and ownership of the tractor trailer at the time of the accident are conclusory and should not be granted an assumption of truth. *See* Mot. to Dismiss 3. The Court considers, and rejects, each argument in turn.

#### a. Whether Plaintiff's factual allegations, if true, show a plausible right to relief

Franceware argues that the Amended Complaint should be dismissed on the ground that it "includes factual allegations that do not show a right to relief that is plausible." *Id.* "Specifically, Plaintiff made factual allegations at page[s] [six] and [seven] of its [Amended Complaint], whereby if the [Amended Complaint] is accurate, [it] makes [Plaintiff] liable to pay pursuant to a number of scenarios." *Id.*

Plaintiff, in turn, argues that "the only party [Plaintiff] asserts is an insured under [the Policy] is Goal Transport, who did not have any judgment rendered against it in the Munoz Lawsuit." Resp. 7. Accordingly, Plaintiff argues, it is "plausible that none of the parties

6

against whom Franceware obtained a judgment . . . will qualify as insured under the [Policy]." *Id*.

The Court finds that the Amended Complaint sufficiently pleads plausible grounds upon which relief may be granted. Plaintiff first asserts that the Policy only obligates Plaintiff to pay sums an "insured" legally must pay as damages under certain circumstances. Am. Compl. 5. Next, Plaintiff alleges that an "insured" is defined in the Policy as (1) the named insured, (2) anyone using a covered auto owned, hired, or borrowed by the named insured and with the named insured's permission, (3) the owner or anyone else from whom the named insured hires or borrows a covered auto that is a trailer while the trailer is connected to another covered auto that is a power unit, (4) the owner or anyone else from whom the named insured hires or borrows a covered "auto" that is not a trailer, and (5) anyone liable for the conduct of an "insured" described above. *Id.* at 6-7. Plaintiff asserts that meeting this definition is "[t]he only way such parties can be insureds under the [Policy]." *Id.* at 6.

Plaintiff further pleads that the Tortfeasors are not named as insureds or additional insureds under the Policy. *Id.* at 5. Moreover, Plaintiff asserts that the Tortfeasors were not using the tractor trailer rig with the named insured's permission, the Tortfeasors did not own the tractor trailer rig, the named insured did not hire or borrow the tractor trailer rig from the Tortfeasors, and none of the Tortfeasors are liable for the conduct of an insured. *Id.* at 8. These allegations would disqualify the Tortfeasors from the Policy's definition of an insured as pleaded by Plaintiff. Am. Compl. 4-8.

Therefore, if Plaintiff's factual allegations are accurate, as the Court must assume they are, *see Calhoun*, 312 F.3d at 733, it is plausible that the Tortfeasors would not qualify as insureds under the Policy and Plaintiff would owe no obligation to pay any sums the

Tortfeasors owe to Franceware.  *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (plausibility requirement "simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]" (quoting *Twombly*, 550 U.S. at 556)).

Similarly, Plaintiff sufficiently pleads factual allegations raising a plausible right to relief in relation to Franceware's demand for recovery of her defense costs.  Specifically, Plaintiff alleges that the Policy requires any insured to "[a]ssume no obligation, make no payment or incur no expense without [Plaintiff's] consent, except at the 'insured's' own cost."  Am. Compl. 9.  Plaintiff then expressly alleges that Franceware made no such request for Plaintiff to provide a defense.  *Id*.

Franceware makes no attempt to explain her argument that Plaintiff's factual allegations, if accurate, make Plaintiff liable.  Accordingly, the Court finds that the Amended Complaint sufficiently states a right to relief that is "plausible on its face" and rejects Franceware's grounds for dismissal.  *See Twombly*, 550 U.S. at 555, 570.

### b.   Whether the factual allegations in paragraph 13 are conclusory

To undermine the sufficiency of Plaintiff's allegations, Franceware argues that the "[a]llegations in [p]aragraph 13 are conclusory and are not entitled to [an] assumption of truth and should be disregarded."  Mot. to Dismiss 3.  Plaintiff responds that paragraph 13 contains specific factual allegations which "explain why, as a factual matter, [the Tortfeasors] would not qualify as ['insureds'] under the [Policy]."  Resp. 5.

Paragraph 13 of the Amended Complaint includes the allegations that:  (1) the Tortfeasors were not using the tractor trailer rig involved in the Decedents' deaths with the named insured's permission, (2) the trailer involved in the Decedent's deaths was not owned

by the Tortfeasors, (3) the named insured had not hired or borrowed the tractor trailer rig from the Tortfeasors, (4) the tractor trailer rig was not being used exclusively in the named insured's business, and (5) the tractor trailer rig was not being used pursuant to operating rights granted to the named insured by a public authority.  Am. Compl. 8.

When considering a motion to dismiss, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.  "Conclusory means '[e]xpressing a factual inference without stating the underlying facts on which the inference is based.'"  *Merritt Hawkins & Assocs., LLC v. Gresham*, 948 F. Supp. 2d 671, 675 (N.D. Tex. 2013).  Here, Plaintiff claims that it owes Defendants no duty to pay the Underlying Judgment because the Tortfeasors are not insureds under the Policy.  Am. Compl. 4-10.  The factual allegations in paragraph 13 are underlying facts describing the use and ownership of the tractor trailer at the time of the accident;  these allegations constitute more than the conclusory statement that the Tortfeasors are not insureds under the Policy.  *See Merritt*, 948 F. Supp. 2d at 675; Am. Compl. 6-8.  Though Plaintiff does not provide direct evidentiary support to prove the facts pleaded in paragraph 13, at this stage in the proceedings Plaintiff need not do so.  *See Calhoun*, 312 F.3d at 733 ("In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.").

Accordingly, because the assertions in paragraph 13 are well-pleaded facts on which Plaintiff's ultimate argument rests, the Court finds that they must be granted an assumption of truth.  *See Merritt*, 948 F. Supp. 2d at 675; *Calhoun*, 312 F.3d at 733.  Franceware's argument to the contrary fails.

### III.     CONCLUSION

For the foregoing reasons, Franceware's Motion to Dismiss, ECF No. 9, is **DENIED**.

**SO ORDERED.**

SIGNED this 3rd  day of December, 2014.

*/s/ Kathleen Cardone*

———————————————
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE